UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

DONTE BRIGGS,

                                   Plaintiff,

         -against-

CITY OF NEW YORK, ANTHONY HERNANDEZ,
DAVID COURTIEN, and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                   Defendants.

------------------------------------------------------------- x

STIPULATION OF
SETTLEMENT AND ORDER
OF DISMISSAL

11 CV 3883 (BMC)

       **WHEREAS**, plaintiff, commenced this action by filing a complaint on or about August 11, 2011, and an amended complaint on September 20, 2011, alleging that the defendants violated plaintiff's federal civil rights; and

       **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS**, plaintiff has authorized his counsel to agree to the terms set forth below; and

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

       1.     The above-referenced action is hereby dismissed against defendants, City of New York, Anthony Hernandez and David Courtien with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Donte Briggs, the sum of Fifteen Thousand Dollars ($15,000) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraph 2 above and Affidavits of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of

2

the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
January 26, 2012

LEVENTHAL & KLEIN, LLP
*Attorney for Plaintiff*
45 Main Street, Suite 230
Brooklyn, New York 11201

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants City,
Hernandez & Courtien*
100 Church Street
New York, New York 10007

By: _____
BRETT H. KLEIN

By: _____
HORSHA JOHNSON
*Assistant Corporation Counsel*

Dated: New York, New York
January _____, 2012

SO ORDERED: 1/27/12

s/ BMC

_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

3